IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| WILLIAM V. LANGFITT III, individually, and as executor of the Estate of the William V. Langfitt, IV, and PATRICIA E. LANGFITT, individually,<br><br>Plaintiffs,<br><br>v.<br><br>PIERCE COUNTY, COLBY EDWARDS and "JANE DOE" EDWARDS,<br><br>Defendants. | No. _____<br><br>1st AMENDED COMPLAINT<br><br>JURY DEMAND |

Plaintiffs, William V. Langfitt III, individually and as Personal Representative of the ESTATE OF WILLIAM V. LANGFITT IV, and Patricia E. Langfitt, by and through their attorneys, allege as follows:

**Introduction**

1. William V. Langfitt IV (Billy) was a loved, creative, ambitious young man who was dedicated to his family and had high expectations for his future. Billy should be alive today.

2. Instead, Billy was shot and killed by Pierce County Sheriff Colby Edwards. At the time of his death, Billy was unarmed and seeking the assistance of Deputy Edwards. This was the Second person that Deputy Edwards had shot and killed within a 12-month timespan.

COMPLAINT - 1

3. Deputy Edwards was operating under the reckless direction and supervision of Defendant Pierce County at the time he shot and killed Billy.

4. The Defendants had no legal reason to seize or use force against Billy. Rather than seeking to assist Billy, who was clearly in need of help, Deputy Edwards pulled out his firearm, pointed it at Billy and fired several shots at him. Billy was unarmed.

5. Billy experienced extreme fear and anxiety as a result of Deputy Edwards pointing a firearm and then firing several shots at him.

6. Billy experienced significant pain and suffering as a direct result of being shot repeatedly by Deputy Edwards. Billy had enough time to contemplate his death and the harsh reality that he would never see his mother, father or twin sister again.

7. Despite Deputy Edwards conduct, Pierce County has approved and ratified the Defendant deputies actions. That is because those actions were consistent with Pierce County policy, and they occurred because of Pierce County's failure to adequately train, supervise, and discipline its deputies. Pierce County implicitly and overtly condones and defends deputies that shoot and kill unarmed individuals. Further, Pierce County repeatedly fails to discipline deputies who commit acts of excessive force especially when it involves the use of deadly force. Pierce County has failed to discipline any deputy for the use of deadly force that lead to the death of a person. Pierce County Deputies are aware that they are unlikely to receive any discipline from the county when they use deadly force against a human being. As a result, Pierce County is liable for the violation of Billy's constitutional rights, and his unlawful death, as well.

8. Nothing can bring Billy back to his loving family, friends, and community. This action, brought under the United States Constitution and the laws

of the State of Washington, nonetheless the plaintiffs seek some measure of justice for the wrongful, unjustified actions of Pierce County and Pierce County Deputy Colby Edwards.   Billy's parents are forever harmed by the wrongful death of Billy.

**Parties**

9. William V. Langfitt IV is the father of the late William V. Langfitt IV and the Personal Representative of his Estate.

10. Patricia Langfitt is the mother of the late William V. Langfitt IV.

11. William V. Langfitt IV (Billy) is the decedent who was shot and killed by Defendant Pierce County Deputy Colby Edwards.

12. Defendant Pierce County is a municipal corporation located in the Western District of Washington.  At all times material to this Complaint, all individual Defendants named herein were agents of Pierce County, acting within the scope of their employment, and under color of state law.

13. Defendant Colby Edwards was at all times material to this Complaint a Pierce County Sheriff's Deputy.

14. At all times relevant, Defendants were acting under color of law and as agents of Pierce County.

**Jurisdiction and Venue**

15. This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C §§ 1331 and 1343.

16. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

17.  Venue is appropriate in the Western District of Washington pursuant to 28 U.S.C. § 1391 because at least some of the Defendants reside in this judicial district and because the events and omissions giving rise to the claims alleged herein occurred within the Western District of Washington.

JAMES BIBLE LAW GROUP
14205 SE 36TH STREET SUITE 100
Bellevue, Washington 98006
T: 425-519-3675

## The Unjustified Shooting of William V. Langfitt IV

18. On March 16, 2018, Defendant Colby Edwards was working as a Pierce County Sheriff's Deputy.

19. As part of Defendant Colby Edwards duties as a Pierce County Deputy, he was required to patrol Pierce County and respond to scenes that he was dispatched to.

20. Deputy Edwards duties as a Pierce County Deputy included being dispatched to and responding to scenes in which individuals were experiencing mental health episodes.

21. As a result, it was foreseeable that Deputy Edwards would be dispatched to assist those that were experiencing a mental health episode/s.

22. Pierce County failed to adequately train Deputy Edwards in assisting those that were experiencing some form of mental health issue.

23. Pierce County failed to provide Deputy Edwards with the necessary tools to assist in addressing a civilian that was experiencing a mental health issue.

24. On March 16, 2018, Naomi Powers, Billy Langfitt's girlfriend, was attempting to get Billy mental health assistance.

25. In attempt to get assistance for Billy, Naomi dialed 911.

26. At the time that Naomi called the police, Billy had jumped out her car and was standing the street barefoot in a tee shirt and shorts.

27. Billy was not wearing any items where he could have concealed a weapon.

28. Naomi made it clear to 911 dispatchers that Billy did not possess any form of weapon when he was standing outside of her car.

29. Defendant Deputy Edwards arrived on the scene, flung his door open and immediately drew his firearm.

30. Defendant Deputy Edwards failed to close his door behind him.

31. Defendant Deputy Edwards failed to secure his police vehicle.

32. Defendant Deputy Edwards actually moved away from the driver side door to his patrol car. As a result, nearly any person that was nearby could have gained access to his patrol vehicle.

33. Defendant Deputy Edwards had a duty to keep his patrol car secure from potential intruders.

34. Defendant Deputy Edwards knew or should have known that he had been dispatched to assist a person that was having a mental health crisis.

35. Defendant Deputy Edwards, as a Pierce County Deputy, has a duty to respond to scenes that he is dispatched to.

36. Defendant Deputy Edwards has a duty to assist individuals that are experiencing mental health difficulties when he is dispatched to scenes involving individuals that are having mental health issues.

37. It is foreseeable that pointing a gun at an individual who is experiencing mental health trauma could unreasonably escalate a situation.

38. It is foreseeable that pointing a gun at an individual who is unarmed would cause significant anxiety for the person that has the gun pointed at them.

39. Defendant Deputy Edwards's acts were unreasonable, negligent, and reckless; he failed to follow accepted police practices; and he unreasonably escalated the likelihood that the encounter would result in a use of unnecessary force.

40. Defendant Deputy Edwards further and unnecessarily escalated this incident by drawing his firearm and pointing it at Billy Langfitt who was unarmed.

41. Defendant Deputy did not use any words to de-escalate this situation.

42. Billy Langfitt was experiencing trauma and was afraid for his life.

43. Billy Langfitt did not make any verbal or physical threats toward Defendant Deputy Edwards.

44. Billy Langfitt did not attempt to make physical contact with Defendant Deputy Edwards,

45. Billy Langfitt did not touch Defendant Deputy Edwards.

46. At the time that Defendant Deputy Edwards shot Billy Langfitt, Billy was unarmed.

47. At the time that Defendant Deputy Edwards shot Billy Langfitt, Billy was NOT a danger to Deputy Edwards or others.

48. Billy Langfitt was unarmed when he approached Deputy Edward's patrol car.

49. Rather than use less lethal force, Deputy Edwards chose to shoot Billy Langfitt repeatedly.

50. Prior to calling for emergency, Deputy Edwards rolled Billy Langfitt over and handcuffed him.

51. Naomi Powers witnessed the shooting death of Billy Langfitt.

52. Defendant Deputy Edwards was reckless and used excessive and unreasonable force. This decision was unreasonable, negligent, and reckless; he failed to follow accepted police practices; and he unreasonably escalated the likelihood that the encounter would result in a use of unnecessary force.

53. Rather than allowing the shooting death of Billy Langfitt to be investigated by an independent agency, Pierce County investigated this incident itself.

54. Pierce County Failed to adequately investigate the shooting death of Billy Langfitt and quickly ratified the actions of Defendant Deputy Edwards.

COMPLAINT - 6

JAMES BIBLE LAW GROUP
14205 SE 36TH STREET SUITE 100
Bellevue, Washington 98006
T: 425-519-3675

55. After the shooting, Defendants made false claims about Billy Langfitt and sought to misrepresent what had actually occurred during this incident.

56. Defendant's sought to withhold evidence from the public by failing to timely disclose documents that were subject to public disclosure. Many of the documents that eventually were released via public disclosure were heavily redacted by Pierce County.

57. Defendants failed to preserve or accurately document the scene.

58. Defendants failed to preserve or adequately test the physical evidence that could help determine the circumstances of the shooting.

59. Defendants failed to create an accurate crime scene log.

60. Defendants' accounts of the shooting were both internally inconsistent and inconsistent with the physical evidence.

61. Defendant Pierce County put out public statements minimizing the acts of Defendant Deputy Edwards and, at the same time, painted Billy in a negative light prior the completion of the investigation.

62. Defendant Pierce County has failed to equip its Deputies with body camera's and in car dash cameras. As a result, Pierce County does not possess the ability to adequately monitor, supervise and evaluate the actions of it's deputies and those people that it's deputies interact with.

63. Billy Langfitt's parents, William Langfitt III and Patricia Langfitt, will never forget learning the heartbreaking news that their son had been shot and killed by Deputy Edwards.

64. Billy's parents are devastated to know that they have outlived their child.

65. Billy's parents have thought about Billy every day since he was killed by Defendant Deputy Edwards.

66. Billy's parents miss the care and support that Billy provided to them. They wish they could hear his voice or give him a hug. There is an empty space at their dinner table during the holidays. Billy's parents looked forward to the possibility that Billy would get married and have children in the future.

**Pierce County's Responsibility for
the Deadly Force Used Against Billy Langfitt IV**

67. Defendant Pierce County failed to adequately train and equip Deputy Edwards with the tools necessary to address issues related to unarmed individuals that were in need of mental health assistance. Deputy Edwards clearly had inadequate training as evidenced by the fact that Defendant Deputy Edwards immediately drew his firearm when dealing with an unarmed person that was having a mental health incident. At no point did Billy attempt to touch or harm the deputy. Further, Deputy Edwards unreasonably left the door of his patrol car open and unsecured when he got out of the vehicle and immediately drew his weapon. Rather than using de-escalation tactics, Defendant Deputy Edwards immediately went to deadly force. He shot and killed an unarmed person while employed and working as a Pierce County Deputy. Deputy Edwards was working within the scope and authority given to him as a law enforcement deputy when he shot Billy Langfitt, who was unarmed. Pierce County quickly condoned, ratified and attempted to absolve Defendant Deputy Edwards of any wrongdoing in relation to the shooting death of Billy Langfitt.

68. These actions were unreasonable, negligent, and reckless, and they failed to follow accepted police standards. Pierce County is liable for these negligent actions by its Deputy, which foreseeably resulted in the unreasonable use of deadly force on an innocent person who was in need of help.

69. Following the shooting, Pierce County failed to recognize that there were a number of deficiencies with this incident, including:
    a. There was no little to no training of Deputies in relation to dealing with individuals that were experiencing mental health issues;
    b. No mental health professionals were dispatched to a scene that clearly involved an individual that was experiencing a mental health issue;
    c. Pierce County does not have an adequate means of evaluating the actions and activities of its deputies because it has failed to equip its deputies with body cameras or in car dash cameras. Instead, Pierce County is reliant upon the word of its deputies;
    d. Rather than having an independent agency evaluate and investigate the shooting death of Billy Langfitt, Pierce County conducted its own investigation;
    e. Defendant Deputy Edwards unnecessarily escalated the use of force to deadly force;
    f. Command staff failed to adequately train and supervise Defendant Deputy Edwards;
    g. Command staff failed to address issues pertaining to Deputy Edwards leaving his vehicle unattended and unsecure.
    h. Ultimately, Pierce County failed to adequately address the fact that Defendant Deputy Edwards shot and killed an unarmed person.

70. The myriad of failures described in the paragraphs above were due to, and were emblematic of, Pierce County's inadequate and reckless policies, procedures, customs, and supervision regarding arrests for major crimes and the use of deadly force.

71. Pierce County was deliberately indifferent to the fact that its inadequate and reckless policies, procedures, customs and supervision would be the moving force behind its deputies using unnecessary and unreasonable force.

72. When conducting its official review of the shooting, Defendant Pierce County has found the Defendant Deputy's use of deadly force against an unarmed Billy Langfitt was in accord with its policies, practices, and customs.

73. Upon information and belief, none of the Defendants were subject to any discipline as a result of their role in causing Billy's unjustified and unnecessary death or the violations of policy and reckless actions described above.

74. Pierce County's ratification of the shooting continues, and its ratification and its failure to take corrective action reflects its deliberate indifference to the danger of constitutional violations and physical harm its policies and practices create.

75. Upon information and belief, Pierce County has not implemented any changes that would fix the flaws in the policies and customs described above.

76. Pierce County's policymakers' refusal to scrutinize the inconsistent statements of the Defendant Deputy and contrast that to the physical evidence is part and parcel of the County's continued deliberate indifference to the risks created by its inadequate training, supervision, and discipline of sheriff's deputies who use excessive force or foreseeably create situations likely to lead to great bodily harm, injury, or even death.

**Plaintiffs' Immense Damages**

77. Billy Langfitt IV was 28 years old, and had a life expectancy for decades of vibrant living. Billy had a passion for life, a loved to work with his hands and enjoyed time with his family. He hoped to have children of his own some day.

78. Billy experienced unthinkable pain, suffering, and fear for the imminent loss of his life. Billy continued to suffer before he passed away.

79. As a result of the shooting and loss of their son, William Langfitt III and Patricia Langfitt suffered injury to their parent child relationship Billy. They have suffered, and continue to suffer, serious emotional harm as a result of Defendants' deliberate and reckless conduct.

80. As a proximate result of the Defendants' unlawful conduct described above, Plaintiffs have incurred medical and funeral expenses, lost earnings and earning capacity, suffered physical and emotional pain, suffering, and disfigurement, lost liberty, lost the enjoyment of life, and suffered other special and general damages.

**Count I – Fourth Amendment**

81. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

82. As described in the preceding paragraphs, the Defendant Deputy's actions toward Billy violated his constitutional rights guaranteed against state incursion by the Fourth and Fourteenth Amendments of the United States Constitution due to his unreasonable seizure of his person.

83. The misconduct described in this Count was objectively unreasonable and undertaken with willfulness and reckless indifference to the rights of others.

84. The conduct described in this Count was undertaken pursuant to the policies, practices, and customs of Pierce County, such that the County is liable in the following ways:

    a. The County, through its approval of the Defendant Deputies actions, has ratified Deputy Edwards' conduct and thereby showed that the

       Defendant Deputies acted pursuant to and in a manner consistent with the polices, customs, and practices of the County.

b. As a matter of both policy and practice, the County encouraged, and was thereby the moving force behind, the misconduct at issue here by failing to adequately train, supervise, control and discipline its deputies such that its failure to do so has manifested deliberate indifference;

c. As a matter of both policy and practice, Pierce County has facilitated the very type of misconduct at issue here by failing to adequately investigate, punish, and discipline prior instances of similar misconduct, thereby foreseeably leading its deputies to believe their actions will never be meaningfully scrutinized and, in that way, encouraging and predictably resulting in unreasonable seizures uses of excessive force such as those Plaintiffs complain of;

d. Pierce County should be held liable for the unconstitutional actions of its deputies engaged in as agents of the County, consistent with the common law as understood in 1871.

85. As a result of Pierce County's actions, policies and practices, and the unjustified and unreasonable conduct of the Defendant Deputies, Plaintiffs suffered injuries, including pain, suffering, emotional distress, death, and a host of other harms to be proved at trial.

**Count III—State Law Claim**
**Negligence**

86. Each of the paragraphs of this Complaint is incorporated as if fully stated here.

87. Pierce County, through its deputies, owes a duty of care to persons with whom they foreseeably interact with when they are dispatched to a particular scene.

88. Pierce County owed such a duty to Billy Langfitt III and the actions of its agents and deputies breached that duty.

89. This breach proximately caused Billy Langfitt III's severe injury and death, as described and alleged above.

90. Pierce County is liable to the Estate of William V. Langfitt IV for the negligent actions of its deputies which proximately caused him injury and death.

91. Pierce County is liable to Plaintiffs William Langfitt IV and Patricia Langfitt for the deliberately indifferent, reckless and negligent actions of its deputies which proximately caused injury to their child and destroyed their parent-child relationship.

**Count IV—State Law Claim**
**Wrongful Death**

92. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

93. All Defendants are liable for damages arising from their' unlawful conduct that caused Billy Langfitt's death in that Billy's injuries and death were caused by the Defendant' wrongful acts, neglect, carelessness, unskillfulness, or default by the Defendant Deputies and others acting as agents of Pierce County.

94. The Defendant's actions as described in this Complaint were a substantial factor in bringing about Billy Langfitt's death, and without those actions, the death of Billy would not have occurred.

95. William Langfitt III and Patricia Langfitt have suffered destruction to their parent child relationship, loss of companionship and mental anguish as a result of the wrongful death of their son.

### Count V—State Law Claim
*Survival*

96. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

97. Plaintiff William Langfitt III is the legal representative authorized to pursue these claims against Defendants.

98. Prior to his death, Billy Langfitt suffered serious personal injuries including but not limited to severe pain and emotional distress.

99. All Defendants are liable for these damages arising from the Defendants' unlawful conduct that caused Billy severe pain and emotional distress in that Billy's injuries were caused by the Defendants' wrongful acts, deliberate indifference, recklessness, neglect, carelessness, unskillfulness, or default while acting as agents of Pierce County.

100. The Defendant Deputy Edwards' actions as described in this Complaint were a substantial factor in bringing about the injuries described in this Count, and without those actions, these injuries would not have occurred.

### Count VI—State Law Claim
*Indemnification*

101. Each paragraph of this Complaint is incorporated as if restated fully herein.

102. In committing the acts alleged in the preceding paragraphs, the Defendant Deputies acted at all relevant times within the scope of their employment for Pierce County.

COMPLAINT - 14

JAMES BIBLE LAW GROUP
14205 SE 36TH STREET SUITE 100
Bellevue, Washington 98006
T: 425-519-3675

103. As a result, pursuant to State Law, Pierce County must indemnify the Defendant Deputies for any judgment against them.

### Count VII—State Law Claim
### Outrage

104. Each paragraph of this Complaint is incorporated as if restated fully herein.

105. Pierce County's agents engaged in extreme and outrageous conduct against Billy Langfitt, by immediately pointing a gun at an unarmed person experiencing a mental health episode and then shooting him several times. Deputy Edwards made no attempt to peacefully address the needs of a person who was experiencing a mental health episode. This conduct caused Billy Langfitt severe emotional distress who was the recipient of the extreme and outrageous conduct.

### Count VIII—*Respondeat Superior*

106. Each paragraph of this Complaint is incorporated as if restated fully herein.

107. In committing the acts alleged in the preceding paragraphs, the Defendant Deputy acted at all relevant times within the scope of his employment for Pierce County.

108. Defendant Pierce County, as principal, is liable for all torts committed by its agents. Pierce County, as principal, should also be liable for the constitutional violations committed by its deputies, pursuant to the common law as understood in 1871, and because by law and County ordinance it is wholly responsible for providing the defense of the individual Defendant Deputies and for indemnifying them against any judgment or verdict that may result.

# COUNT VIIII VIOLATION OF WASHINGTON STATE LAW AGAINST DISCRIMINATION

109. Per RCW 49.60.030, the defendants are liable to the plaintiffs for violation of the plaintiffs' civil rights to the right to be free from discrimination because of race, creed, color, national origin, sex, honorably discharged veteran or military status, sexual orientation, or the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a person with a disability is recognized as and declared to be a civil rights.

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in their favor and against Defendants PIERCE COUNTY and Colby Edwards; award compensatory damages and attorneys' fees, as well as punitive damages against PIERCE COUNTY AND Colby Edwards; and enter any additional relief this Court deems just and appropriate. Plaintiffs prays that should a judgment be entered against PIERCE COUNTY that injunctive relief be entered so that the policies, practices, and customs of the Department that led to the tragic death of BILLY LANGFITT IV can be reformed and, hopefully, prevent further damage to the community in the future.

DATED this 28th day of MAY, 2020.

JAMES BIBLE LAW GROUP

By___/s/ James Bible_____
James Bible, WSBA #33985
14205 Se 36th Street Suite 100
Bellevue, WA 98006

Telephone: 425-519-3675
Email:  James@biblelawgroup.com
*Attorney for William Langfitt III, Patty Langfitt and the Estate of William Langfitt IV*

VALDEZ LEHMAN, PLLC

By   /s/ Jesse Valdez
    JESSE VALDEZ, WSBA # 35378
    14205 SE 36th Street Suite 100
    Bellevue, WA 98006
    Email: jesse@valdezlehman.com
    *Attorney for William Langfitt III, Patty Langfitt and the Estate of William Langfitt IV*

LOYAL LAW PLLC

By   /s Errin Loyal
    Errin Loyal, WSBA #56672

    Email:
    *Attorney for William Langfitt III, Patty Langfitt and the Estate of William Langfitt IV*