JUDGE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM V. LANGFITT III, individually, and as executor of the Estate of the William V. Langfitt, IV, and PATRICIA E. LANGFITT, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>PIERCE COUNTY, COLBY EDWARDS and "JANE DOE" EDWARDS,<br><br>Defendants. | NO. 3:21-cv-05122-BHS<br><br>DEFENDANTS' REPLY RE: MOTIONS FOR PARTIAL FRCP 12(b)(6) DISMISSAL OF AMENDED COMPLAINT, AND PROTECTION ORDER<br><br>NOTED ON MOTION DOCKET: OCTOBER 29, 2021 |

## I. INTRODUCTION

On October 1, 2021, Defendants Pierce County, Deputy Colby Edwards and "Jane Doe Edwards" (hereinafter "County Defendants") moved, as authorized by the Court's earlier order, to: 1) revise the case scheduling order; 2) issue a protective order limiting discovery to the issues surrounding qualified immunity; and 3) dismiss from the Amended Complaint the "indemnification" claim Plaintiffs were not permitted to renew as well as dismiss the "ratification," "Washington Law Against Discrimination" (hereinafter "WLAD") and negligence claims that retained the same defects the Court expressly ordered to be corrected. *Compare* Dkt. 35 at 16-17, 19-23 *with* Dkt. 37.

In response, Plaintiffs first "agree[d] with the Defendants and will agree to Motion to Revise the

DEFENDANTS' REPLY RE: MOTIONS FOR PARTIAL FRCP 12(b)(6) DISMISSAL OF AMENDED COMPLAINT, AND PROTECTION ORDER - 1
MTD Amended Complaint Reply FINAL
USDC WAWD No. 3:21-cv-05122-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main: (253) 798-6732 / Fax: (253) 798-6713

1  case schedule and to move all deadlines, including but not limited to, discovery, disclosure of ex-
2  perts, rebuttal experts, and the trial date." Dkt. 39 at 11. *See also* Dkt. 40: Stipulated Motion to Re-
3  vise Schedule; Dkt. 41: Order. As to Defendants' motion to limit discovery to issues surrounding
4  qualified immunity until they are addressed on summary judgment, *see* Dkt. 35 at 5, 22-23, Plain-
5  tiffs do not respond. *Compare* Dkt 39 *with* Dkt. 24 at 5 (*citing Harlow v. Fitzgerald*, 457 U.S. 800,
6  818 (1982) ("[u]ntil this threshold immunity question is resolved, discovery *should not be allowed*")
7  (emphasis added); *DiMartini v Ferrin*, 889 F.2d 922, 926 (9th Cir. 1989)("Supreme Court has held
8  that until the threshold issue of immunity is resolved, *discovery should not proceed*")(emphasis
9  added)); Dkt. 28. Under LCR 7(b)(2), such a failure to respond is deemed "an admission that the
10 motion has merit.'" *Wodja v. Wash. State Employees Credit Union*, 2016 WL 6086220, at *1 (W.D.
11 Wash. 2016); *Allstate Ins. Co. v. Lighthouse Law P.S. Inc.*, C15-1976RSL, 2016 WL 4041198, at *7
12 (W.D. Wash. 2016); *Picu v. Bot*, C14-330RSL, 2015 WL 12930488, at *1 (W.D. Wash. 2015).

13    Finally, as to Defendants' motion to dismiss, Plaintiffs likewise fail to respond in any way to
14 dismissal of the Amended Complaint's retention of their nonclaim of "indemnification". *Compare*
15 Dkt. 35 at 22 *with* Dkt. 39. Again, under LCR 7(b)(2), such admits this part of the motion to dismiss
16 "has merit." *See* LCR 7(b)(2). As to the remaining claims at issue here – i.e. ratification, WLAD
17 and negligence -- Plaintiffs acknowledge the motion to dismiss but fail to address those claims' re-
18 tention of the same defects this Court ordered to be corrected. *Compare* Dkt. 39 at 3-11 *with* Dkt. 35
19 at 16-17, 19-23; Dkt. 37 at 2-11. County Defendants therefore analyze below these three still defec-
20 tive yet renewed claims which should be dismissed *with prejudice* for failure to state a claim despite
21 two previous failed opportunities to cure them by amendment.

22                            **II.  LEGAL ANALYSIS**

23    Plaintiffs begin their opposition to partial dismissal by again misstating the applicable test under
24 FRCP 12(b)(6) and citing abandoned language from abrogated cases such as *Conley v. Gibson*, 355

DEFENDANTS' REPLY RE: MOTIONS FOR PARTIAL FRCP 12(b)(6) DISMISSAL
OF AMENDED COMPLAINT, AND PROTECTION ORDER - 2
MTD Amended Complaint Reply FINAL
USDC WAWD No. 3:21-cv-05122-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main: (253) 798-6732 / Fax: (253) 798-6713

U.S. 41, 46 (1957), and its progeny such as *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)(citing *Conley, supra*.) and *Flaherty v. Lang*, 199 F.3d 607 (2nd Cir. 1999). *Compare* Dkt. 39 at 1-2 *with* Dkt. 17 at 3. Thus it must *again* be noted, *see* Dkt. 19 at 2 – as did our Ninth Circuit *over a decade ago* – that the Supreme Court holds "*Conley's* oft-cited maxim … read literally, set the bar too low" so that "*Conley*'s 'no set of facts' refrain 'is best forgotten as an incomplete, negative gloss on an accepted pleading standard....'" *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 968 (9th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007)) (emphasis added). *See also Ames v. Lindquist*, 2017 WL 2671294, at *4 (W.D. Wash. 2017)(dismissing "a claim with prejudice" but "the remainder without prejudice" because as to the latter Plaintiff "could possibly assert some allegations to cure the identified deficiencies" since "the 'no set of facts' test *does not determine whether dismissal motions will be granted"* under Rule 12(b)(6) but is a consideration for whether leave to amend will be granted subject to the constraints of FRCP 11); *Diamond v. United States*, 2015 WL 11215851, at *9 (C.D. Cal. 2015) ("this Court has not relied on any decisions which decided Rule 12(b)(6) motions under the now-abrogated *Conley* 'no set of facts' standard … which has been superseded by the more stringent pleading standard articulated in [*Ashcroft v.* ] *Iqbal* [, 556 U.S. 662 (2009)] and *Twombly*").

Instead, the test required for deciding this motion and dismissing the claims at issue was first stated almost 15 years ago by the Supreme Court in *Twombly* when it ruled a complaint must allege against each named defendant "enough *facts* to state a claim to relief that is plausible on its face" so as to "raise a right to relief above the speculative level …." 550 U.S. at 545 (emphasis added). A claim has "facial plausibility" when the party seeking relief "pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) (emphasis added). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

DEFENDANTS' REPLY RE: MOTIONS FOR PARTIAL FRCP 12(b)(6) DISMISSAL OF AMENDED COMPLAINT, AND PROTECTION ORDER  - 3
MTD Amended Complaint Reply FINAL
USDC WAWD No. 3:21-cv-05122-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

*Twombly*, 550 U.S. at 555. Likewise, the "plausibility standard … asks for more than a *sheer possibility* that a defendant has acted unlawfully" so that "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)(emphasis added). Thus, the idea "a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *See id*. at 678; *see also Twombly*, 550 U.S. at 555, 557 (holding that "a conclusory allegation … does not supply facts adequate to show illegality," and that Courts are not "bound to accept as true a legal conclusion couched as a factual allegation"). Accordingly, where "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679. In making its analysis, a Court also is not required to accept as true allegations which are "contradicted 'by more specific allegations in the Complaint.'" *See DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 747 F.3d 145, 151–52 (2d Cir. 2014)(quoting *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir.1995); *Barberan v. Nationpoint*, 706 F.Supp. 2d 408, 424 (S.D.N.Y. 2010); *In re Livent, Inc. Noteholders Secs Litig.*, 151 F.Supp.2d 371, 405 (S.D.N.Y.2001)).

Because "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss," *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir.2004)(internal quotation marks and citation omitted); *see also Iqbal*, 556 U.S. at 679-80; *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), the Amended Complaint was required to provide "factual content" showing the County and Deputy Edwards caused the harm alleged therein and did so in *violation* of the Plaintiffs' rights. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996); *Bennett v. Passic*, 545 F.2d 1260, 1262-

DEFENDANTS' REPLY RE: MOTIONS FOR PARTIAL FRCP 12(b)(6) DISMISSAL OF AMENDED COMPLAINT, AND PROTECTION ORDER - 4
MTD Amended Complaint Reply FINAL
USDC WAWD No. 3:21-cv-05122-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main: (253) 798-6732 / Fax: (253) 798-6713

63 (10th Cir. 1976)(a Rule 12(b)(6) motion may be based on either the absence of sufficient factual allegations or the lack of a cognizable legal theory); *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990)(same), *overruled on other grounds by* Twombly, 550 U.S. at 562-63.

As shown in the original FRCP 12(b)(6) motion as well as below, the Amended Complaint still lacks *both* the alleged facts necessary to "nudge[] [these] claims across the line from conceivable to plausible," as well as a legal theory cognizable under its allegations - and thus the three claims of ratification, negligence and WLAD claims "must be dismissed." *See Twombly*, 550 U.S. at 547.

A. STILL NO FEDERAL CLAIM AGAINST COUNTY FOR RATIFICATION

Plaintiffs oppose dismissal of their "ratification" theory of County liability without acknowledging this Court required their Amended Complaint to "present more than just a police investigation that concludes an officer applied reasonable force" but "'must also point to some *set of facts* to suggest the investigation's findings reflect a *policy or custom* that encourages or condones the alleged underlying constitutional deprivation,' such that the policy or custom is the *moving force* behind the violation." Dkt. 35 at 17 (*quoting German v. Roberts*, Case No. C15-5237 BHS-DWC, 2017 WL 6547472, at *2 (W.D. Wash. Dec. 22, 2017))(emphasis added). This Court expressly warned that Plaintiffs' claim "an officer was not reprimanded or provided with additional training cannot support a theory of ratification without more." Dkt. 35 at 16-17 (*quoting Clouthier v. Cty. of Contra Costa,* 591 F.3d 1232, 1250 (9th Cir. 2010))(holding that a failure to discipline employees, without more, was insufficient to establish ratification); *Morales v. Fry*, C12-2235-JCC, 2014 WL 1230344, at *14 (W.D. Wash. Mar. 25, 2014). *See also e.g. Casey v. City of Santa Rosa*, 4:18-CV-07731-KAW, 2019 WL 2548140, at *5 (N.D. Cal. June 20, 2019)(allegations "the County 'permitted [its] employees to attack vulnerable teenagers who offered no threat and Defendant County never retrained and/or disciplined those employees" and that "'the instant case is evidence that the Probation Department permits these attacks, because Schmidt has never been disciplined or retrained' …

DEFENDANTS' REPLY RE: MOTIONS FOR PARTIAL FRCP 12(b)(6) DISMISSAL OF AMENDED COMPLAINT, AND PROTECTION ORDER - 5
MTD Amended Complaint Reply FINAL
USDC WAWD No. 3:21-cv-05122-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main: (253) 798-6732 / Fax: (253) 798-6713

is not sufficient to plead a *Monell* claim.); *Tivis v. City of Colorado Springs*, 19-CV-00867-KMT, 2020 WL 1166842, at *6 (D. Colo. Mar. 11, 2020)("though Plaintiff points to prior settlements of excessive force cases and alleges the City did not discipline officers in those instances …, the complaint is devoid of factual detail about the settled cases" and to "allege *deliberate indifference*, the underlying facts in previous matters *must be similar to those alleged in the instant suit*")(emphasis added)(citing *Connick v. Thompson*, 563 U.S. 51, 62-63 (2011)(noting that to put policymakers on notice of a specific deficiency, prior incidents must be *factually similar* to the alleged violation at hand)); *Carney v. City and Cty. of Denver*, 534 F.3d 1269, 1274 (10th Cir. 2008)(To prove a "continuing, persistent and widespread" practice, plaintiffs usually offer evidence suggesting that *similarly situated individuals* were mistreated by the municipality *in a similar way*")(emphasis added); *Bolton v. Sheriff of Cook Cty.*, 16-CV-5012, 2016 WL 11706696, at *4 (N.D. Ill. Dec. 20, 2016) (complaint that Sheriff failed "to adequately investigate, punish, and discipline prior instances of similar misconduct, thereby leading Cook County Jail corrections officers to believe that their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff" was "devoid of any facts that would support the existence of a genuine municipal custom or policy"); *Burgos v. Grenier*, 13-CV-6533-FPG, 2014 WL 3749651, at *4 (W.D.N.Y. July 29, 2014)(alleged custom to intentionally "review disciplinary complaints involving police misconduct in such a manner that legitimate citizen complaints almost never result in censure or discipline" so "officers operated under the belief that they would never suffer reprisal for their misconduct" does not state a municipal claim because "[w]hat is missing … is any factual support for these allegations" making it only "a threadbare, conclusory statement devoid of even a single fact to support it")(*citing Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009)).

Indeed, when "a municipality's alleged failure to supervise and/or discipline is at issue, the complaint must allege *facts plausibly establishing* that (1) the municipality's supervisory or disciplinary

DEFENDANTS' REPLY RE: MOTIONS FOR PARTIAL FRCP 12(b)(6) DISMISSAL OF AMENDED COMPLAINT, AND PROTECTION ORDER - 6
MTD Amended Complaint Reply FINAL
USDC WAWD No. 3:21-cv-05122-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main: (253) 798-6732 / Fax: (253) 798-6713

procedures were *inadequate*; (2) the municipality was *deliberately indifferent* in adopting its supervision and disciplinary procedures;[1] and (3) the inadequate supervision or discipline *caused* the complained of violations." *Byrd v. City of Madisonville, Texas*, CV H-19-4473, 2020 WL 2857951, at *4 (S.D. Tex. May 11, 2020), report and recommendation adopted sub nom. *Byrd v. Madisonville Consol. Indep. Sch. Dist.*, 4:19-CV-4473, 2020 WL 2850755 (S.D. Tex. June 1, 2020) (emphasis added). Indeed, a pattern of constitutional violations is "ordinarily necessary to establish municipal culpability and causation." *Board of Cnty Com'rs of Bryan Cnty, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997). As noted in the FRCP 12(b)(6) motion to dismiss, however, the newest Amended Complaint merely repeats verbatim the same conclusory language this Court held was insufficient. *Compare* Dkt. 31-1 p. 2 ¶ 7 *with* Dkt. 36 p. 2 ¶ 7. Rather than confront this defect, the opposition brief's only response is to make a *new* attack focused on Ed Troyer – who at the time was neither Sheriff nor on the review board at issue -- about the latter's supposed and unrelated promotion of an amorphous "Thin Blue Line movement" that is *not alleged in their Amended Complain*t, does not show a pattern of constitutional violations, and does not show how: "(1) the municipality's supervisory or disciplinary procedures were inadequate; (2) the municipality was deliberately indifferent in adopting its supervision and disciplinary procedures; and (3) the inadequate supervision or discipline caused the complained of violations." *Compare* Dkt. 10-11 *with Brown, supra*; *Byrd, supra*.

   This Court ruled as to "Plaintiff's ratification Fourth Amendment claim" that they could "add a *Monell* [*v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978)] ratification claim" if – unlike their "proposed amended complaint" – it was filed "consistent with this Order …." Dkt. 35 at 17. The new Amended Complaint's "ratification" allegation however is not "consistent with this Order," and the mere *argument of Plaintiff's brief* alleging a new *unpled* and unrelated supposed

---

[1] *Jackson v. Vill. of Justice*, 2020 WL 1530734, *4 (N.D. Ill. 2020)("federal courts have applied the deliberate indifference standard to failure-to-discipline claims")(citing *Cazares v. Frugoli*, 2017 WL 1196978, *19 n.16 (N.D. Ill. 2017)).

DEFENDANTS' REPLY RE: MOTIONS FOR PARTIAL FRCP 12(b)(6) DISMISSAL OF AMENDED COMPLAINT, AND PROTECTION ORDER - 7
MTD Amended Complaint Reply FINAL
USDC WAWD No. 3:21-cv-05122-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main: (253) 798-6732 / Fax: (253) 798-6713

1  "movement" by someone who did not make policy at that time and not explaining how it caused the

2  a violation here, fails as a matter of law to "nudge[] [the ratification] claim[] across the line from

3  conceivable to plausible" and thus that claim "must be dismissed." *See Twombly*, 550 U.S. at 547.

4  *See also Arnold*, supra. at *2 ("Plaintiff does not allege any facts that would support a conclusion

5  that Officer Hall's conduct was the result of a City policy" and hence the "alleged facts do not make

6  a *Monell* claim plausible" so the "*Monell* claim against the City is DISMISSED")(emphasis added).

7  B.  STILL NO CLAIM STATE CLAIM AGAINST DEFENDANTS FOR WLAD IS PLEADED

8     As to the WLAD claim, this Court ordered: "Plaintiffs *shall file* an amended complaint that *complies*

9  *with this Order*—one that does more than simply recite the elements of claim, or just quotes the statue,

10 but *alleges facts and factual context* plausibly supporting the claim" by "plead[ing] *both* that Langfitt

11 suffered from a *disability* and that Defendants discriminated against him '*because of that disability*.'"

12 *See* Dkt. 35 at 20-21 (quoting *City of Seattle v. McConahy*, 86 Wn. App. 557, 572 (1997)(*citing Doe v.*

13 *Boeing Co.*, 121 Wn.2d 8, 13 (1993))(emphasis added). In response, Plaintiffs argue their Amended

14 Complaint at least meets the first element because it alleges "Deputy Colby [sic] knew or should have

15 known and should have perceived that William V. Langfitt IV was suffering from mental health crisis"

16 and a "disability" is defined by RCW 49.60.040(7)(a)(iii) as "a sensory, mental, or physical impairment"

17 that was "perceived to exist whether or not it exists in fact." *See* Dkt. 39 at 9. However, as to the re-

18 quired second essential element of showing discrimination resulted "*because* of that disability," Plain-

19 tiffs can only state they "*believe* that this mental disability was a motivating factor in the actions that

20 Deputy Colby [sic] took" – but offer no "facts and factual context plausibly supporting" that element as

21 required by law and by this Court's order. *Compare* Dkt. 39 at 10 (emphasis added) *with* Dkt. 35 at 10

22 (emphasis added). As such, their alleged "belief" is simply "a conclusory allegation" and "a legal con-

23 clusion couched as a factual allegation," which "does not supply facts adequate to show illegality" and

24 which a Court is not "bound to accept as true …."

DEFENDANTS' REPLY RE: MOTIONS FOR PARTIAL FRCP 12(b)(6) DISMISSAL OF AMENDED COMPLAINT, AND PROTECTION ORDER - 8
MTD Amended Complaint Reply FINAL
USDC WAWD No. 3:21-cv-05122-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

Indeed, as a matter of law, even allegations based on "information *and* belief" are insufficient because they are simply a "way of saying that the [Plaintiff] does not know that something is a fact but just suspects it or has heard it." *See Donald J. Trump for President, Inc. v. Sec'y of Pennsylvania*, 830 Fed. Appx. 377, 386-87 (3d Cir. 2020) (holding allegations "conclusory" and complaint's amendment was denied as futile where it made claims "[u]pon information and belief" but "offers no specific facts to back up these claims"). *See also* Dkt. 37 at 9-10. Here the Amended Complaint fails even to allege there is "information" supporting their supposed "belief" that the decedent's alleged disability somehow *caused* discrimination. *See* Dkt. 36 at 5, 17. Indeed, the only allegation claimed made on "information *and* belief" by the new Amendment is when it twice *contradicts* the aforementioned alleged "belief" with the specific allegation that instead "Deputy Edwards *failed* to recognize" decedent "was suffering from a mental illness" and "*failed to recognize* [decedent] was experiencing a mental health impairment …." *Id.* at 6 (emphasis added). *See also DPWN Holdings*, 747 F.3d at 151–52 (Court not required to accept as true allegations which are "contradicted 'by more specific allegations in the Complaint.'")(quoting *Hirsch*, 72 F.3d at 1095; *Barberan*, 706 F.Supp. 2d at 424; *In re Livent*, 151 F. Supp. 2d at 405). Most damning, Plaintiffs simply ignore this Court's citation to *McConahy* which *affirmed dismissal* precisely because -- though Plaintiff there likewise alleged he had a disability – he, *like Plaintiffs here*, also made no showing officers took action against "him *because he had a disability.*" 86 Wn.App. at 572.

Despite this Court's ordering any amended complaint must instead allege "*facts and factual context* plausibly supporting the claim," Dkt. 35 at 21, Plaintiffs admit they instead just "incorporated those *same identical claims and language* into the Amended Complaint" they used before. Dkt. 39 at 8. Because as a result the Amended Complaint still does not allege "facts [or] factual context plausibly supporting" a WLAD claim, it still fails to allege how the County Defendants "discriminated against him '*because of* [a] *disability*.'" It therefore should be dismissed with prejudice. *McConahy, supra*. at 572.

C.  STILL NO STATE CLAIM AGAINST DEFENDANTS FOR NEGLIGENCE IS PLEADED

This Court's order observed Plaintiffs *brief* opposed Defendants' initial Rule 12(c) motion to

DEFENDANTS' REPLY RE: MOTIONS FOR PARTIAL FRCP 12(b)(6) DISMISSAL OF AMENDED COMPLAINT, AND PROTECTION ORDER  - 9
MTD Amended Complaint Reply FINAL
USDC WAWD No. 3:21-cv-05122-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

dismiss by *arguing* "Langfitt sought to enter Deputy Edwards's car from the open driver's door, but Plaintiffs blame Edwards for leaving it open" and "[a]nalogiz[e] this claim to *Beltran-Serrano [v. City of Tacoma,* 193 Wn.2d 537, 544–45 (2019)]" to argue "leaving the police car door open and drawing a gun on a person in mental health distress represents a negligent failure to follow police practices calculated to avoid the use of deadly force." Dkt. 35 at 20; *see also* Dkt. 17 at 19. Thus, this Court ruled:

> It is *possible* Plaintiffs *could state* a plausible negligence claim under the rule announced in *Beltran-Serrano*. The Motion for Judgment on the Pleadings as to this claim is DENIED *without prejudice*, and the Motion for Leave to Amend this claim is GRANTED, *though not as to the proposed amended complaint*. Plaintiffs shall file an amended complaint *consistent with this Order* within 14 days.

Dkt. 35 at 20 (emphasis added). However, Plaintiffs thereafter did not "file an amended complaint consistent with this Order" but filed one that neither makes mention of Langfitt entering the car nor states any *fact* showing a failure to follow police practices. *See* Dkt. 36. Thus, the County defendants again moved to dismiss because the Amendment *still* fails to allege a breach of duty by Defendants that supposedly caused Langfitt harm. *See* Dkt. 37 at 7-9. Nevertheless, Plaintiffs' response to the dismissal motion *still* ignores both the above order of this Court and the stated ground for Defendants' pending motion to dismiss their negligence claim. *Compare id. with* Dkt. 39 at 3-8.[2]

As this Court explained: "To establish a negligence claim, a plaintiff must plead *duty*, *breach*, *proximate cause*, and resulting harm." Dkt. 35 at 19 (*citing Pedroza v. Bryant*, 101 Wn.2d 226, 228 (1984))(emphasis added). Absent an admission that Langfitt *entered the police cruiser through its open door* before he was shot, the Amended Complaint's mere assertion that the cruiser's door was open fails on its face even to plead a threadbare allegation of the essential negligence element of *cause in fact*. *See* Dkt. 36 at 5. Further, the Amended Complaint makes a conclusory statement

---

[2] Plaintiffs claim at the time of briefing "Defendants have yet to release the video of the actual shooting," *see* Dkt. 39 at 6, but then admit "Plaintiffs have yet to take any discovery," *id.* at 7, and ignore it was produced under the PRA.

based on "*information and belief*" that Deputy Edwards supposedly "did not follow police practices," Dkt. 36 at 6, but on its face fails to allege any factual support for it. Indeed, the non-existence of any such fact is confirmed by Plaintiffs' earlier admission that they "are *unaware* of the Defendants manuals of dealing with this type of situation -whether it is standard operating procedure to always leave doors open to deputy vehicles … when dealing with an individual experiencing a mental health episode." *See* Dkt. 17 at 19 (emphasis added). Hence, the Amended Complaint also fails to provide facts showing the essential element of *breach of duty* that they admit was "the core of *Beltran-Serrano*'s negligence claim" – *i.e.* that the officer "unreasonably failed to follow police practices calculated to avoid the use of deadly force." Dkt. 39 at 4. Where a complaint's allegations "do not permit the court to infer more than the *mere possibility* of misconduct" it "has alleged – but it has *not 'show*[*n*]*'* – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (emphasis added). Here, the Amended Complaint impermissibly fails even to allegd facts showing "a sheer possibility that a defendant has acted" negligently to cause the harm alleged and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, *id*. at 678 (quoting *Twombly*, *id*. at 557).

Indeed, even if the Amended Complaint were amended yet again and finally asserted that Langfitt *entered the cruiser through a door left open* and could somehow state *facts* showing such was a failure to follow police procedures, as a matter of law such a hypothetical Amendment still would fail to demonstrate the additional negligence requirement of "legal causation." As a matter of Washington law "legal causation" is always a question of law for the court. *See Colbert v. Moomba Sports, Inc.*, 163 Wn.2d 43, 51 (2008). It "rests on policy considerations as to how far the consequences of defendant's acts should extend. It involves a determination of *whether* liability should attach as a matter of law given the existence of cause in fact." *Hartley v. State*, 103 Wn.2d 768, 779 (1985)(emphasis in original, citations omitted). In making that analysis, it is well settled:

DEFENDANTS' REPLY RE: MOTIONS FOR PARTIAL FRCP 12(b)(6) DISMISSAL OF AMENDED COMPLAINT, AND PROTECTION ORDER - 11
MTD Amended Complaint Reply FINAL
USDC WAWD No. 3:21-cv-05122-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

> It is quite possible, and often helpful, to state every question which arises in connection with "proximate cause" [legal causation] in the form of a single question: was the defendant under a duty to protect *the plaintiff* against *the event which did in fact occur*?

*Klein v. City of Seattle*, 41 Wn.App. 636, 639 (1985)(holding municipality was not liable because it was not the legal cause of injury)(*quoting Hartley*, 103 Wn.2d at 779 and W. Prosser, Torts § 42, at 244 (4th Ed.1971))(emphasis added). Such an analysis "serve[s] to direct attention to the policy issues which determine the extent of the original obligation and of its continuance, rather than to the mechanical sequence of events which goes to make up causation in fact." *Hartley, id*. at 779–80.

Here, even if the law were changed so that a duty of some kind could be owed by a Deputy to not leave a police cruiser's door open so as to protect himself when confronted by a violent suspect advancing toward him, any such duty would not include *protecting the suspect* against "the event which did in fact occur" – i.e. *the suspect's* choice to jump into the armed cruiser. The required considerations of "logic, common sense, justice, policy, and precedent," *see Hartley, id*. at 779, do not lead to a conclusion that the consequence of not closing a door when being confronted by an unexpected threat should create legally responsibility *to Langfitt* in negligence. *See id.* at 785 (holding "failure to revoke Johnson's license (even assuming that Johnson would have honored the revocation and not driven) is too attenuated a causal connection to impose liability" for his own later drunken driving). Not closing the patrol cruiser door while responding to a sudden advance of a violent suspect also is too remote and insubstantial to impose liability *to that suspect*. Thus the elements of breach, cause in fact and legal causation still have not been pleaded.

### III.  CONCLUSION

For the above reasons, Defendants respectfully request the Court: 1) grant the unopposed protective order limiting discovery to issues bearing on qualified immunity, such as the events leading up to, and including, the actions Langfitt and Deputy Edwards actually took on the night in question; and 2) dismiss Plaintiffs' alleged "claims" of "indemnity," "ratification," WLAD and negligence.

DEFENDANTS' REPLY RE: MOTIONS FOR PARTIAL FRCP 12(b)(6) DISMISSAL OF AMENDED COMPLAINT, AND PROTECTION ORDER  - 12
MTD Amended Complaint Reply FINAL
USDC WAWD No. 3:21-cv-05122-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

1   DATED this 29th day of October, 2021.

2                                              MARY E. ROBNETT
                                               Prosecuting Attorney
3                                              s/ DANIEL R. HAMILTON
                                               DANIEL R. HAMILTON, WSBA # 14658
4                                              Pierce County Prosecutor / Civil
                                               955 Tacoma Avenue South, Suite 301
5                                              Tacoma, WA  98402-2160
                                               Ph: 253-798-7746 / Fax: 253-798-6713
6                                              dan.hamilton@piercecountywa.gov

7                                              s/ KRISTAL COWGER
                                               KRISTAL COWGER, WSBA # 43079
8                                              Pierce County Prosecutor / Civil
                                               955 Tacoma Avenue South, Suite 301
9                                              Tacoma, WA  98402-2160
                                               Ph: 253-798-4265 / Fax: 253-798-6713
10                                             kristal.cowger@piercecountywa.gov

11

12
                          **CERTIFICATE OF SERVICE**
13
        On October 29th, 2021, I hereby certify that I electronically filed the foregoing
14  DEFENDANTS' REPLY RE: MOTIONS FOR PARTIAL FRCP 12(b)(6) DISMISSAL OF
    AMENDED COMPLAINT, PROTECTION ORDER AND REVISED CASE SCHEDULING
15  ORDER with the Clerk of the Court using the CM/ECF system which will send notification of
    such filing to the following:
16
        Errin Loyal , I     errin@loyallawgroup.com
17
        James Bible     jbiblesblaw@gmail.com, errin@loyallawgroup.com,
18      James@biblelawgroup.com, jesse@valdezlehman.com, monicka@biblelawgroup.com

19      Jesse Valdez     jesse@valdezlehman.com

20
                                               s/ JEANINE LANTZ
21                                             JEANINE LANTZ
                                               Legal Assistant
22                                             Pierce County Prosecutor's Office
                                               Civil Division, Suite 301
23                                             955 Tacoma Avenue South
                                               Tacoma, WA 98402-2160
24                                             Ph:  253-798-6081 / Fax:  253-798-6713